UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANA KLINE, an individual; EMMA LEE NICHOLS, an individual; KORIN ROBERTSON, an individual; and CAROLINE VANSKAIK, an individual;<br><br>    Plaintiffs,<br><br>    v.<br><br>MENTOR WORLDWIDE, LLC; NUSIL, LLC; NUSIL TECHNOLOGY, LLC; and DOES 1-100, inclusive,<br><br>    Defendants. | No. 2:19-cv-00877-WBS-KJN<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiffs assert claims arising out of injuries allegedly suffered as a result of defects in breast implants manufactured by defendant Mentor Worldwide, LLC ("Mentor,") with silicon allegedly produced and supplied by defendants Nusil, LLC and Nusil Technology, LLC. Following the filing of this action in the Superior Court of California, County of Sacramento, but before service could be completed, Mentor removed the action.

1

Presently before the court is plaintiffs' Motion to Remand. (Docket No. 8.)

I. Factual and Procedural Background

This case is brought by four plaintiffs: Ana Kline, a citizen of California; Emma Lee Nichols, a citizen of Mississippi; Korin Robertson, a citizen of Pennsylvania; and Caroline Vanskaik, a citizen of Florida. All four plaintiffs were implanted with Mentor MemoryGel Silicon Gel Breast Implants, and all four plaintiffs allege that because of the implantation they suffered various illness and injuries, including, fatigue, muscle pain, memory loss, autoimmune disfunction, migraines, and night sweats. (Compl. ¶¶ 21, 24 & 31 (Docket No. 1-2).) Plaintiffs allege that their injuries were proximately caused by the negligence of all three defendants. They further allege claims for strict products liability against all three defendants.

Plaintiffs filed this action in Sacramento County Superior Court on May 6, 2019. (Mot. to Remand at 1.) Immediately after that filing, plaintiff's counsel endeavored to effectuate service on all defendants. (Id.) The complaint alleges--without providing further details—that because of a processing backlog, service could not be effectuated for a period of ten (10) days. (Id. at 2.) On May 15, 2019, before service could be completed on defendants, defendant Mentor removed this action. (Id.) The next day, May 16, 2019, service was effected on all named defendants. (Id.)

II. Legal Standard

"[A]ny civil action brought in a State court of which

2

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On a motion to remand, the defendant bears the burden of showing by a preponderance of the evidence that federal jurisdiction is appropriate. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal citation omitted).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

III. Discussion

Plaintiffs do not dispute that the amount in controversy exceeds $75,000. Rather, they argue that remand is required because there is not complete diversity. On the face of plaintiffs' complaint, it appears that complete diversity does not exist between all parties since plaintiff Ana Kline and defendant Nusil, LLC are both citizens of California. (See Compl ¶¶ 1 & 7.) Moreover, for the purposes of Section 1332c(1), both plaintiff Korin Robertson and defendant NuSil Technology LLC are citizens of Pennsylvania. (See Compl. ¶ 3; Notice of Removal ¶

12 (Docket No. 1).)

Plaintiffs' Motion to Remand disputes the Notice of Removal's claim that NuSil, LLC is a fraudulently joined defendant whose citizenship should be disregarded in determining whether diversity exists. The parties also disagree as to whether the court should sever claims by plaintiffs Kline and Robertson.

A. Fraudulent Joinder of NuSil LLC

A non-diverse defendant may be disregarded for purposes of determining complete diversity if that defendant was fraudulently joined. Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th Cir. 1983). A plaintiff has fraudulently joined a defendant where the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

The district court must remand if there is a "non-fanciful possibility" that the plaintiff can state a claim against the non-diverse defendant. See Vu v. Ortho-McNeill Pharm., Inc., 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009)(citation omitted). The relevant inquiry is whether the plaintiff could state a claim against the non-diverse defendant on any legal theory. See Grancare, LLC v. Thrower by and through Mills, 889

4

F.3d 543, 548 (9th Cir. 2018).

In evaluating whether a non-diverse defendant is fraudulently joined, the court may look beyond the pleadings. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995) ("[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).)

In the instant case, defendant Mentor presented the court with declarations and deposition testimony showing that NuSil, LLC is merely a holding company and had no role in the manufacture or sale of the subject breast implants. (See Opp. to Mot. to Remand, Hanna Decl., Ex. D, "Banigan Decl." (Docket No. 11-5); Opp. to Mot. to Remand, Hanna Decl., Ex. B, "Mraz Decl." (Docket No. 11-3); Opp. to Mot. to Remand, Hanna Decl., Ex. A, "Mraz Depo." (Docket No. 11-2).)[1]

In his declaration, Thomas Banigan declared that "NuSil LLC is a holding company and transacts no business of its own. Its sole purpose is to hold stock for its members." (Banigan Decl. ¶ 4.) He went on to state that "NuSil LLC has never designed, manufactured, distributed, or sold silicone products." (Id.) Similarly, in his deposition, Scott Mraz stated that

---

[1] This deposition testimony was taken in Jacob v. Mentor Worldwide, LLC, et al., a similar action naming NuSil LLC that plaintiffs' counsel had filed in Los Angeles County Superior Court and which defendant Mentor removed to the Central District of California. (Case No. 2:18-CV-06502.)

5

NuSil LLC "was a holding company that had ownership interests, [but] no business activity." (Mraz Depo. at 18:10-11.) In an effort to contradict that representation, plaintiff points to a Statement of Information filed with the California Secretary of State by NuSil, LLC, which described the company as engaged in the "Manufacture of Silicon Products." When asked about that description in his deposition, Mraz explained it as "a clerical error." (Id. at 21:9.) Significantly, he did not limit that explanation to simply a conclusory statement. Rather, he specifically explained circumstances under which the error was made and why it was simply a clerical error. He stated that though he had signed the form, he had not noticed the error. Specifically, when asked whether he had noticed it, he responded that "[i]f I had noticed that error, I would have fixed it." (Id. at 23: 2-3.)

Plaintiff's Motion to Remand relies heavily on the ruling in Vieira v. Mentor Worldwide, LLC, No. 2:18-CV-06502-ABP-LAX, 2018 WL 4275998 (C.D. Cal. Sept. 7, 2018). Like the instant case, Vieira was brought by plaintiffs alleging injuries arising out of defects in MemoryGel Silicone Implants manufactured by Mentor Worldwide, LLC. Also as in the instant case, California-resident NuSil, LLC, was named as a defendant. In Vieira, Judge Birotte granted plaintiffs' Motion to Remand over defendant Mentor Worldwide's objections that NuSil, LLC, was fraudulently joined. Judge Birotte reasoned that the 2013 Statement of Information Nusil, LLC, had filed with California's Secretary of State created an issue of fact about the nature of NuSil, LLC's business activities. That issue of fact, Judge Birotte ruled,

6

precluded the court from "holding that Mentor has established fraudulent joinder [of NuSil, LLC, by clear and convincing evidence." Id. at *4. Though this court is not bound by Judge Birotte's ruling in Vieira, plaintiffs urge the court to follow it, and hold that NuSil, LLC, is not fraudulently joined.

The court declines to do so. The evidentiary record before this court is very different than that which was before Judge Birotte in Vieira: this court has the benefit of Mr. Mraz and Mr. Banigan's declarations, as well as Mr. Mraz's deposition testimony from Jacob.[2] Plaintiffs have not provided any evidence controverting these sworn statements in either the declarations or the deposition, and there is no evidence that NuSil, LLC's 2013 representation to California's Secretary of State that it manufactured silicone was anything other than a clerical error.

Given defendant's uncontroverted evidence that NuSil, LLC, is not involved in the manufacture, sale or distribution of silicone used in the Mentor implants, the court must now consider whether there is a "non-fanciful possibility" that plaintiffs can state a claim against NuSil, LLC. See Vu, 602 F.Supp.2d at 1154.

As a general rule, "[r]egardless of the theory which liability is predicated upon, whether negligence, breach of

---

[2] At July 15, 2019, hearing on this motion, plaintiffs informed the court that Judge Birotte recently issued a "tentative ruling" in Vieira. The parties represented that in that in the tentative ruling Judge Birotte found that notwithstanding defendant Mentor's evidence that NuSil, LLC, was merely a holding company, there was still a factual issue as to the nature of NuSil, LLC's business activities. This tentative ruling is not citable, is not available online, is subject to change, and is not appropriately noticed or considered by the court at this time.

warranty, strict liability in tort, or other grounds, it is obvious that to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some way responsible for the product." Products Liability: Necessity and Sufficiency of Identification of Defendant as Manufacturer or Seller of Product Alleged to Have Caused Injury, 51 A.L.R.3d 1344, § 2(a) (footnotes omitted). This "general rule" applies in California. Under California law, a plaintiff "claiming to have been injured by a defective product must prove that the defendant's product, or some instrumentality under the defendant's control, caused his or her injury." DiCola v. White Bros. Performance Prods., Inc., 158 Cal. App. 4th 666, 677 (4th Dist. 2008). See also Sindell v. Abbott Labs., 26 Cal. 3d 588, 597 (1980) ("[A]s a general rule, the imposition of liability depends upon a showing by the plaintiff that his or her injuries were caused by the act of the defendant or by an instrumentality under the defendant's control.") (internal citations omitted).

In support of their Motion to Remand, plaintiffs reiterate their various allegations against defendant NuSil, LLC. Plaintiffs allege, for example, that defendant NuSil, LLC, "manufactured, supplied and specially designed silicon raw materials for defendant [Mentor] which was used [sic] in the Mentor MemoryGel Implants . . . including those implanted in [p]laintiffs." (Mot. to Remand at 9 (quoting Compl. ¶ 99).) This allegation, however, amounts to a bare unsupported conclusion and is disproven by the uncontroverted evidence that NuSil, LLC, was merely a holding company with no involvement or control in the

8

development, production, or distribution of the subject implants. (See Banigan Decl.; Mraz Decl.; Mraz Depo.)

In light of the fact that plaintiffs have not articulated any legal theory under which they could potentially recover against defendant NuSil, LLC, the court finds that defendant NuSil, LLC, is fraudulently joined. See Richardson v. Mylan Inc., No. 09 CV 1041 JM (BLM), 2010 WL 11442752, at *5 (S.D. Cal. Sept. 20, 2010)(granting summary judgment for holding company defendant in wrongful death action because it established that it was merely a holding company with "no responsibility for the design, manufacture, marketing, sales or distribution of [the product at issue in the case].").

B. Joinder of Plaintiffs

Defendant Mentor also asks the court to sever the claims of the individual plaintiffs. (Opp. to Mot. to Remand at 14-19.) Specifically, defendant Mentor argues that plaintiffs' claims are improperly joined under Federal Rule of Civil Procedure Rule 20 and that no plaintiff is necessary and indispensable to any other under Federal Rule of Civil Procedure Rule 19.

When faced with similar arguments, many district courts in the Ninth Circuit have declined to analyze the propriety of plaintiffs' joinder and, instead, remanded the case to state court so that the state court could evaluate the propriety of joinder under state law.[3] See e.g., Blasco v. Atrium Med. Corp.,

---

[3] Notably, several of the cases defendant cites in support of its argument that the court should sever plaintiffs' claims are cases in which proceedings were consolidated pursuant to an order of the United States Judicial Panel on Multidistrict

No. C 14-03285 EDL, 2014 WL 12691051, at *8 (N.D. Cal. Oct. 30, 2014)("California courts are certainly competent to decide a motion to sever if Defendants make such a motion following remand, and in fact are likely in a better position to decide the contours of California joinder law as it applies to this Complaint."); Aaron v. Merck & Co., No. CV 05-4073 JFW-MANx, 2005 WL 5792361, at *1 (C.D. Cal. July 26, 2005); Osborn v. Metro. Life Ins. Co., 341 F.Supp.2d 1123, 1128-29 (E.D. Cal. 2004)(Karlton, J.)(Declining to analyze claim of 'fraudulent misjoinder' under the Federal Rules of Civil Procedure and remanding to state court for an analysis of the propriety of joinder under state law.).

   The court finds the approach adopted in Blasco, Aaron, and Osborn compelling and will adopt it here. It does not appear that doing so will frustrate defendant's statutory right of removal in the event that the state court should subsequently sever plaintiffs' claims. See Osborne, 341 F. Supp. 2d at 1127. The court accordingly declines defendant's invitation to sever the claims of the individual plaintiffs.

   IT IS THEREFORE ORDERED that plaintiff's Motion to Remand be, and hereby is, GRANTED; and

   AND IT IS FURTHER ORDERED that this case be, and the

---

Litigation and are, as a result, not entirely analogous to the case at hand. See e.g., In re Propecia (Finasteride) Prod. Liab. Litig., No. 12-CV-2049 JG VVP, 2013 WL 3729570, at *8 (E.D.N.Y. May 17, 2013)(noting that the application of the fraudulent misjoinder doctrine is relatively clear "in the context of toxic tort litigation consolidated pursuant to the MDL statute, 28 U.S.C. § 1407."); In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig., No. CIV 07-1487 DWF/AJB, 2007 WL 2572048 (D. Minn. Aug. 30, 2007).

10

same hereby is, REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.[4]

Dated: July 18, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because the court remands this action on the ground of lack of jurisdiction, it need not address plaintiffs' argument that removal was proper under 28 U.S.C. § 1441(b). See Jennings-Frye v. NYK Logistics Americas Inc, No. 2:10-CV-09737-JHN-EX, 2011 WL 642653, at *4 (C.D. Cal. Feb. 11, 2011) ("Section 1332's complete diversity requirement and the 'local defendant' rule under section 1441(b) are two entirely separate considerations for purposes of analyzing whether removal is proper.")